UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CYNTHIA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-01936-TWP-DLP |
| | ) |
| DR. JUAN SOCAS, | ) |
| IU HEALTH UNIV HOSPITAL, | ) |
| | ) |
| Defendants. | ) |

**ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,
SCREENING COMPLAINT, AND ORDER TO SHOW CAUSE**

This matter is before the Court on *pro se* Plaintiff Cynthia Johnson's ("Johnson") Request to Proceed in District Court Without Prepaying the Filing Fee (Filing No. 2). Because she is allowed to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I. DISCUSSION**

**A. Filing Fee**

Johnson's motion for leave to proceed *in forma pauperis* without prepaying fees or costs (Filing No. 2) is **granted**. While *in forma pauperis* status allows a plaintiff to proceed without *pre-*payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Johnson's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 U.S. Dist. LEXIS 84869, at *5 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 U.S. Dist. LEXIS

106067, at *12 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

## B. Screening

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

## C. The Complaint

In this civil action, *pro se* plaintiff Johnson filed a fill-in-the-blank "Complaint for a Civil Case" against Defendants Dr. Juan Socas, Indiana University Health, Inc., Indiana University Health Care Associates, Inc., and Indiana Clinic Support Services, LLC (collectively, "Defendants"), and she checked the box for federal question jurisdiction (Filing No. 1 at 2, 8–9). In her Complaint, Johnson alleges a litany of complaints about the medical treatment she was

provided by the Defendants in association with her breast cancer care and treatment. She also alleges complaints about the Defendants placing incorrect photographs and information in her medical records. *Id.* at 12–17. Johnson asserts claims for medical malpractice and fraud. She additionally notes that she is bringing claims pursuant to the False Claims Act and the Health Insurance Portability and Accountability Act ("HIPAA"). *Id.* at 18.

**D. Dismissal of Complaint**

Based on the Complaint filed, it appears that this Court does not have jurisdiction to adjudicate the claims that Johnson has presented. "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

It appears from the Complaint that Johnson is bringing state law claims for medical malpractice and fraud. While her Complaint appears to assert state law claims, Johnson has alleged facts that make it appear the state citizenship of each of the parties is Indiana (with the exception of Dr. Juan Socas who is in Florida), which would not support diversity jurisdiction. Federal jurisdiction exists where the controversy is between citizens of different States, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §

1332. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). Johnson has not pled any facts to allege a violation of federal law (the False Claims Act or HIPAA[1]) to give rise to federal question jurisdiction in this Court. Because it appears that the parties are citizens of the same state and there is no federal question at issue, the Complaint is subject to dismissal for lack of subject-matter jurisdiction.

**E. Opportunity to Show Cause**

Johnson shall have through **Friday, August 13, 2021**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [*in forma pauperis*] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Johnson elects to file an amended complaint, she should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended

---

[1] "If a HIPAA violation occurs, the statute does not provide a private cause of action to the individual but merely provides an enforcement mechanism for the Secretary of Health and Human Services." *Staton v. Payne*, 2010 U.S. Dist. LEXIS 28813, at *3 n.9 (S.D. Ind. Mar. 24, 2010).

4

complaint must identify what legal injury Johnson claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court.

## II. CONCLUSION

For the reasons stated above, Johnson's Request to Proceed in District Court Without Prepaying the Filing Fee ([Filing No. 2](#)) is **GRANTED**. Having screened the Complaint, the Court finds it is subject to dismissal for lack of jurisdiction. Johnson is granted leave to file an amended complaint by no later than **Friday, August 13, 2021**. If no amended complaint is filed by that date, this action will be dismissed without prejudice, for the reasons set forth above.

**SO ORDERED.**

Date: 7/12/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CYNTHIA JOHNSON
426 Kentucky Ave
Plainfield, IN 46168

Elizabeth Hill Knotts
HILL KNOTTS & GOLDMAN, LLC
bknotts@hkglaw.net